

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,673-01

### EX PARTE JOSE ROBERTO VELIZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13285-A IN THE 63RD DISTRICT COURT
### FROM VAL VERDE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault with family violence and sentenced to seven years' imprisonment.

Applicant contends that he was deprived of his right to a meaningful and adequate appellate process. The record indicates that the trial court certified Applicant's right to appeal on April 12, 2016, and that Applicant indicated that he wanted to appeal his conviction. According to the trial court, trial counsel filed a motion to withdraw from the representation and to appoint new appellate counsel on or about April 16, 2016. Notice of appeal was filed by trial counsel on April 26, 2016.

The trial court denied trial counsel's motion to withdraw from the representation on or about May 12, 2016, finding that trial counsel's contention that he did not do appeals was not good cause to allow him to withdraw and to appoint new appellate counsel. On the same date, Applicant signed a handwritten statement indicating that he had decided freely and voluntarily not to go forward with the appeal. Applicant now alleges that he did not want to have his appeal dismissed, but believed that he was signing a request to have new appellate counsel appointed.

On June 9, 2016, a motion to dismiss the appeal was filed in the court of appeals, and on June 29, 2016, the court of appeals issued a memorandum opinion dismissing the appeal. The appellate mandate issued on August 31, 2016. Applicant alleges that he received a copy of the opinion on or about September 5, 2018. According to the appellate docket, Applicant filed a *pro se* motion to reinstate the appeal on September 26, 2018, which was dismissed on October 25, 2018. Applicant filed a *pro se* motion for rehearing on November 8, 2018, which was denied on November 29, 2018.

Although Applicant did sign a letter stating that he had freely and voluntarily decided not to go forward with his appeal, it is not clear from the record what the circumstances of his signing the letter were and whether he was advised of his options with regard to pursuing a direct appeal. Applicant's attempts to reinstate the appeal after it was dismissed suggest that he did not in fact want to waive his right to appeal. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim by stating what advice, if any he gave to Applicant with regard to his options for pursuing a direct appeal. Counsel shall state why he filed a motion to withdraw from the

representation, and what he told Applicant when the trial court denied that motion. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall supplement the habeas record with a copy of trial counsel's motion to withdraw from the representation. If a hearing was conducted on that motion, the trial court shall supplement the record with a transcript of that hearing. The trial court shall make findings of fact and conclusions of law as to whether Applicant was properly advised of his options with regard to pursuing a direct appeal after the trial court denied trial counsel's motion to withdraw from the representation. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 5, 2019
Do not publish